**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4092

ROGER ST. JOHN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-333-A)

Submitted: December 17, 1996

Decided: December 31, 1996

Before HALL and MURNAGHAN, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Jill D. Gibson, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roger St. John appeals his conviction of escape in violation of 18 U.S.C.A. § 751(a) (West Supp. 1996). We affirm.

St. John escaped from Lorton Reformatory Minimum Security Facility in May 1995. St. John claims that a correctional officer took him to the bathroom and demanded a urine sample for drug testing purposes. The officer allegedly made sexual advances towards St. John and insinuated that he could insure a clean drug test. Allegedly fearing sexual assault and extortion, St. John jumped the fence and escaped the facility. Police issued a wanted bulletin stating that St. John was armed and dangerous. St. John did not attempt to surrender and was eventually arrested in June 1995.

Prior to trial the Government filed a motion in limine to preclude St. John from raising duress as a defense; the district court granted the motion. During trial the prosecutor asked St. John about a prior murder charge. St. John objected to the question as prejudicial, and the objection was sustained. St. John moved for a mistrial based on the question. The motion was denied and the district court gave a curative instruction to the jury to disregard the question. On appeal, St. John claims that the district court erred in precluding his use of the duress defense and abused its discretion in denying his motion for mistrial.

This court reviews de novo a district court's decision not to instruct a jury on a defendant's theory of a case. United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). To establish duress as a defense, the defendant must first show that he made a bona fide effort to surrender as soon as the claimed duress lost its coercive force. United States v. Bailey, 444 U.S. 394, 412-13 (1980). The duress prompting St. John's escape--possible extortion by the Lorton correctional officer--lost its coercive force as soon as St. John escaped the prison. However, St. John did not surrender and was not arrested until some forty days later. St. John claims that the issuance of a wanted bulletin caused him to fear for his life if he did surrender, and that the bulletin was an interceding circumstance extending the coercive force of the duress. The duress which must lose its coercive force, however, is the

"claimed duress" that caused the initial departure. Id. The wanted bulletin did not cause St. John's departure from Lorton, and St. John failed to surrender as soon as the claimed duress, extortion, lost its force. Thus, the district court properly precluded St. John's use of duress as a defense.

A district court's decision to grant or deny a motion for mistrial is reviewed for abuse of discretion. See United States v. Shafer, 987 F.2d 1054, 1058 (4th Cir. 1984). After reviewing the record we find that the district court did not abuse its discretion. The district court issued a curative instruction directing the jury to disregard the prosecutor's question concerning a prior murder charge, and the jury is presumed to follow the court's instruction. See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987).

Accordingly, we affirm St. John's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED